**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gloria Flores, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 3748 |
| Global Acceptance Credit Company, LP, a Texas limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Gloria Flores, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Gloria Flores ("Flores"), is a citizen of the State of Connecticut, from whom Defendant attempted to collect a delinquent consumer debt owed for First Bank of Delaware credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Global Acceptance Credit Company, LP ("Global"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Global operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Global was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Global is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Global conducts business in Illinois.

6. Moreover, Defendant Global is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Global acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Flores has limited assets and income, and fell behind on paying her bills, including a debt she owed for a First Bank of Delaware credit card. When Global began trying to collect this debt from Ms. Flores, she referred the matter to her legal aid attorneys at the Chicago Legal Clinic's LACD program, who had been handling this matter with a prior debt collector.

8. Accordingly, on April 1, 2011, one of Ms. Flores' attorneys at LACD informed Global, in writing, that Ms. Flores was represented by counsel, and directed Global to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Flores was forced, by her financial circumstances, to

try and negotiate a payment plan as to her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Global sent collection letters, dated April 6, 2011 and May 5, 2011, directly to Ms. Flores, which demanded payment of the First Bank of Delaware debt. Copies of these letters are attached as Group Exhibit D.

10. Defendant Global's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Global's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Flores', agent/attorney, LACD, told Defendant Global to cease communications with Ms. Flores (Exhibit C). By continuing to communicate regarding this debt with Ms. Flores, and demanding payment from her (Group Exhibit D), Defendant Global violated § 1692c(c) of the FDCPA.

15. Defendant Global's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Global knew that Ms. Flores was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Global to cease directly communicating with her. By directly sending Ms. Flores collection letters (Group Exhibit D), despite being advised that she was represented by counsel, Defendant Global violated § 1692c(a)(2) of the FDCPA.

19. Defendant Global's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Gloria Flores prays that this Court:

1. Find that Defendant Global's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Flores, and against Defendant Global, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gloria Flores, demands trial by jury.

                                      Gloria Flores,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated: June 2, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com